**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

01 AUG -8 PM 3: 18

UNITED STATES OF AMERICA,
        Plaintiff,

v.                                                                                    Docket No. CR 01-00071 MV

MICHAEL ESTRADA,
        Defendant.

**SENTENCING MEMORANDUM AND INCORPORATED
MOTION FOR DOWNWARD DEPARTURE**

COMES NOW, Michael Estrada, the above named defendant, by and through his attorney, Dennis Candelaria, Assistant Federal Public Defender, and submits the following memorandum and motion seeking downward departure, which is intended to assist the Court at the sentencing hearing in this cause. The Presentence Report (PSR) calculates Mr. Estrada's base offense level at 12. PSR ¶82. The Probation Officer found that Mr. Estrada is eligible for a two-point reduction for acceptance of responsibility, bringing the offense level down to 10. PSR ¶81. His criminal history category is VI. PSR ¶45. Mr. Estrada's guideline sentencing range is therefore 24-30 months. If this Court finds that Mr. Estrada's offense level should be adjusted to provide for downward departure based on his present physical condition, he would be sentenced at level 6, establishing a guideline range of 12-18 months making him eligible good time at the Bureau of Prisons with a sentence of 12 months plus 1 day. Mr. Estrada requests a sentence of 12 months and 1 day.



## FACTUAL BACKGROUND

1. On May 11, 2001, Mr. Estrada pled guilty to Counts I and II of the Indictment charging him with Distribution of Less than 50 grams of cocaine in violation of 21 U.S.C. § 841(a)(1). P.S.R. ¶1.

2. Mr. Estrada's parents reside in Deming, NM. Mr. Estrada's father has never participated in the upbringing of his son. On the other hand, Mr. Estrada's mother has been the only parent to raise her child and as a result the two of the have a very close bond. Within the last month, Mrs. Estrada has been diagnosed with stomach cancer. As a result of her illnesses, Mr. Estrada would be the only care-giver for his mother.

3. Mr. Estrada has two children from two past relationships. His oldest child is 9 and his youngest is 6 YEARS OLD. Mr. Estrada is able to visit both his children and has tried to pay child support to his two children. P.S.R. ¶ 62. Mr. Estrada is presently invoved in a relationship with Juliet Barela. Ms. Barela is nine months pregnant, she is due this month, and Mr. Estrada is the only source of income.

4. According to the Pre-Sentence Report, Mr. Estrada has various health conditions, for which he is receiving medical treatment in Luna County Detention Center. In 1995, Mr. Estrada was involved in a car accident and a metal plate was inserted. Since this accident, Mr. Estrada has had a total of seven surgeries to correct an infection in his jaw as a result of the metal plate becoming infected. P.S.R. ¶ 65.

5. In 1988, the defendant had an appendix removed. Later that same year, he had a hernia operation and in 1989 he had lower back surgery. P.S.R. ¶ 64.

6. Within the past two weeks, Mr. Estrada was injured as a result of a inmate fight. Although Mr. Estrada was not involved in the fight, the corrections officers' extract team entered

the cell block of the jail and quelled the altercation. Later that evening, Mr. Estrada noticed a considerable amount of blood in his urine. Although there is no allegation of excessive force by the extract team, the amount of force was significant enough to cause kidney problems with Mr. Estrada.

## MOTION FOR DOWNWARD DEPARTURE

The Sentencing Guideline Commission has recognized that unusual circumstances of the offender may warrant a downward departure:

> The Commission intends the sentencing courts to treat each guideline as carving out a 'heartland,' a set of typical cases embodying the conduct that each guideline describes. When a court finds an atypical case, one to which a particular guideline linguistically applies but where conduct significantly differs from the norm, the court may consider whether a departure is warranted.

U.S.S.G. Ch. 1, Pt. A, § 4(b)

In addition, the Court may depart downward pursuant to 18 U.S.C. § 3553(b), if the Court finds that there exist mitigating circumstances of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines. *United States v. Koon*, 518 U.S. 81 (1996); U.S.S.G. § 5K2.0. In *Koon*, the Supreme Court stated each guideline applies to a "heartland of typical cases." Factors that make a case atypical provide potential bases for departure. *United States v. Jones*, 158 F.3d 492, 496 (10th Cir. 1998).

Mr. Estrada requests this Court grant him a downward departure on the basis of his physical condition. In addition, Mr. Estrada requests that the Probation Officer find Mr. Estrada's situation to be similar to that in *United States v. Peña*, 930 F.2d 1486 (10th Cir. 1991), and suggests that Mr. Estrada's family situation might be a basis for departure.

### A. Extraordinary Physical Impairment

Mr. Estrada asks this Court to grant a downward departure pursuant to U.S.S.G. § 5H1.4. U.S.S.G. § 5H1.4 provides that "an extraordinary physical impairment may be a reason to impose a senctence below the applicable guideline range, e.g., in the case of a seriously infirm defendant, home detention may be as efficient as, and less costly than, imprisonment." Section 5H1.4 allows downward departures anytime a sentencing court is presented with sufficient evidence of impairment. *United States v. Slater*, 971 F.2d 626, (10th Cir. 1992). In *Slater*, the defendant suffered from spondylosis and scoliosis of the spine which went untreated until he was in his twenties. The defendant's doctor documented the connections between the defendant's disabling back pain and his inability to work, severe headaches, depression, and drug use. The Social Security Administration also judged the defendant as totally disabled based on his physical and emotional problems.

Although the present case at bar is not as serious as the *Slater* case, it is analogous. Mr. Estrada is currently suffering from kidney problems. Each morning Mr. Estrada urinates and defecates blood. Recently, Mr. Estrada reports there has been an increase in bleeding in his rectum and blood in his stools. The initial diagnosis of Mr. Estrada was colon cancer. However, due to Mr. Estrada's financial woes, he was unable to follow up with the necessary medical attention including but not limited to a colonoscopy. As reported in the Pre-Sentence Report (paragraph 66), the United States Probation Office has been unable to verify the information given by Mr. Estrada regarding his treatment and diagnosis from Adjustive Disease Consultants of Las Cruces.

Presently, Mr. Estrada is incarcerated at the Luna County Detention Center. He is under the care of Dr. Hanan. Dr. Hanan has prescribed the antibiotic TMZ which is a powerful

antibiotic for treating his kidney problems. Additionally, Mr. Estrada has to consume Vicadin and Naproxen daily to ease the pain that he experiences. As mentioned in the factual summary above, Mr. Estrada has had multiple surgeries, including an appendectomy, surgeries for a hernia, problems with his lower back, and seven jaw.

Due to his present physical condition, Mr. Estrada will be unable to withstand a prolonged period of incarceration. Furthermore, the Bureau of Prisons would be unable to accommodate Mr. Estrada's increasing physical needs. On March 27, 2001, Mr. Estrada was ordered released to the third party custody of Diersen Charities in Las Cruces, NM. However, due to his treatments and excessive doctor appointments, his conditions were modified allow Mr. Estrada to live with his mother. As a matter of policy, "home detention may be as efficient as, and less costly than, imprisonment." Section 5H1.4

## CONCLUSION

For the foregoing reasons, Mr. Estrada respectfully requests that the Court depart to offense level 6, and that it sentence him to an appropriate term of twelve (12) months plus one (1) day.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
107 E. Lohman Ave.
Las Cruces, New Mexico 88001
(505) 527-6930

By: _____
DENNIS J. CANDELARIA
Assistant Federal Public Defender

## **CERTIFICATE OF SERVICE**

I hereby certify that true and correct copies of the foregoing were delivered to Terry Abernathy, Assistant United States Attorney, and to Jason M. Towne, U.S. Probation Officer, by depositing the same in the respective boxes of each at the U.S. Courthouse in Las Cruces, New Mexico, this 8th day of August, 2001.

_____
DENNIS J. CANDELARIA
Assistant Federal Public Defender