IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CR No. 01-00071 MV |
| ) | |
| MICHAEL ESTRADA, ) | |
| ) | |
| Defendant. ) | |

### UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE

THE UNITED STATES OF AMERICA, by and through its attorney of record, Norman C. Bay, United States Attorney for the District of New Mexico, and Terri Abernathy, Assistant United States Attorney, responds to Defendant Michael Estrada's Motion for Mitigating Role Adjustment. For the reasons set forth below, Estrada's motion for a four-level adjustment for his role in the offense should be denied.

The burden is on the defendant to establish, by a preponderance of the evidence, his entitlement to a role reduction. United States v. Ayers, 84 F.3d 382, 383 (10th Cir. 1996). Estrada has failed to meet that burden. Section 3B1.2 of the sentencing guidelines provides for a reduction in the offense level based on defendant's role as a minor or minimal participant in the offense. U.S.S.G. § 3B1.2. A defendant may receive a two-level reduction if his role in the offense is "minor." U.S.S.G. § 3B1.2(b). A defendant's role is minor if his role in the enterprise made him "substantially less culpable than the average participant." United States v. James, 157 F.3d 1218, 1219 (10th Cir. 1998). A defendant may receive a four-level reduction if his role in the offense was "minimal." § 3B1.2(a). However, a four-level adjustment only applies to

"defendants who are plainly among the least culpable of those involved in the conduct of a group." § 3B1.2 comment. n.1. The defendant's "'lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant.'" Ayers, 84 F.3d at 383 (quoting § 3B1.2 comment. n.1). Downward adjustments based on minimal role are made infrequently. Ayers, 84 F.3d at 384.

The United States concurs with United States Probation's recommendation in the Presentence Report ("PSR") that Estrada is not eligible for a role reduction, pursuant to U.S.S.G. § 3B1.2. Estrada's actions were "that of a principle participant and he was critical in the transactions . . . . Therefore, no role adjustment is warranted." PSR at p. 7, para. 27.

Estrada's offense conduct included two separate sales of cocaine to undercover agents. On both occasions, Estrada orchestrated the sales by contacting his source, obtaining the cocaine and then selling it to the agents. Estrada personally obtained the cocaine, delivered it to the buyer, and accepted payment. Ignoring the importance of his conduct to the success of the drug deal, Defendant attempts to argue that his role was "merely as a conduit" for the cocaine, so he is, therefore, entitled to the minimal role reduction. To the contrary, such essential conduct in a drug transaction does not warrant a role reduction. *See United States v. Garcia*, 182 F.3d 1165, 1176 n.3 (rejecting minimal role for participant who sold cocaine delivered to him by source). Like the defendant in *Garcia*, Estrada was "the seller who took the active step of contacting the suppliers to arrange the drug deal", and no role adjustment is justified. *Id.* at 1175-76.

Even if the Court accepted Estrada's strained attempt to characterize himself as merely a "conduit", a role adjustment is not warranted merely because he was a "go-between" facilitating the sale. *United States v. Santistevan*, 39 F.3d 250, 254 (10th Cir. 1994) (quoting *United States v. Garcia*, 987 F.2d 1459, 1461 (10th Cir. 1993). In addition, Estrada's conduct involved more

than one distribution of cocaine and that factor weighs against a role reduction. *See Santistevan*, 39 F.3d at 254.

Based upon Estrada's critical role in arranging and completing two cocaine sales to undercover agents, Defendant is not "plainly among the least culpable of those involved in the conduct" and his own conduct does not show a "lack of knowledge or understanding of the scope and structure of the enterprise." § 3B1.2 comment. n.1. Therefore, Defendant is not entitled to a role adjustment, and his motion should be denied.

**WHEREFORE**, the United States respectfully requests that this Court deny Mr. Estrada's motion for role adjustment and sentence him in accordance with the applicable guideline range as set forth in the PSR.

Respectfully submitted,

DAVID C. IGLESIAS
United States Attorney

*/s/ Terri Abernathy*

TERRI ABERNATHY
Assistant United States Attorney
555 S. Telshor, Suite 300
Las Cruces, NM 88011
(505) 522-2304

I hereby certify that a true copy of the foregoing pleading was delivered to opposing counsel of record Dennis Candelaria this 31st day of October, 2001.

*/s/ Terri Abernathy*

TERRI ABERNATHY
Assistant United States Attorney